UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:22-cv-524-RLY-MG |
| | ) |
| BOARD OF TRUSTEES OF | ) |
| INDIANA UNIVERSITY | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff, by counsel, hereby moves the Court for leave to proceed in this cause of action under pseudonym. In support hereof, Plaintiff states the following:

1. Plaintiff, a Twenty-Two year old male and student at the Indiana University, Bloomington ("IU"), has filed his Complaint seeking both monetary damages and injunctive relief due to a procedurally flawed Title IX proceeding that resulted in his suspension from I. At all times, Plaintiff has maintained that he did not violate IU's Title IX policy and that the alleged sexual encounter with Jane Doe[1] did not occur as accused.

2. Given the highly sensitive nature of the subject matter underlying Plaintiff's claims for relief, compelling reasons exist for allowing him to proceed under pseudonym. Not surprisingly, current law allows students in Plaintiff's position to proceed anonymously under pseudonym. See, e.g. Doe v. Ind. Univ. - Bloomington, 2019 U.S. Dist. LEXIS 12966 (S.D. Ind.

---

[1] Plaintiff has referred to his accuser in all filings as "Jane Doe"

January 28, 2019; Doe v. Purdue Univ., 321 F.R.D. 339, 341 (N.D. Ind. May 31, 2017); Doe v. Univ. of Notre Dame Du Lac, 2018 U.S. Dist. LEXIS 79778 (N.D. Ind. May 11, 2018).

3. "[T]he Southern District of Indiana has compiled several factors that courts consider to determine whether a 'plaintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants." Doe v. Purdue Univ., 321 F.R.D. at 341 (citing Doe v. Indiana Black Expo, 923 F. Supp. 137, 140 (S.D. Ind. April 17, 1996)). They are:

- whether the plaintiff is challenging governmental activity;
- whether the plaintiff would be required to disclose information of the utmost intimacy;
- whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution;
- whether the plaintiff would risk suffering injury if identified;
- whether the party defending against a suit brought under an anonym would be prejudiced;

*Id.*

4. Nearly all of the factors favor Plaintiff's use of a pseudonym in this litigation.

5. Plaintiff is clearly challenging governmental activity. IU is a public university. Plaintiff challenges IU's activity as described in the Complaint and other filings.

6. The record of IU's Title IX investigation and adjudication contains allegations regarding Plaintiff's prior sexual conduct, which constitutes information of utmost intimacy.

7. If identified, Plaintiff is certain to face irreparable injury to his reputation, even if ultimately exonerated of the allegations set forth by Jane Doe.

8. 8. IU is well aware of Plaintiff's true identity, and would face no prejudice if he is allowed to proceed under a pseudonym. Pursuant to IU's own policy, the underlying investigation and adjudication that give rise to Plaintiff's claims were, are and remain

confidential.

9. To further ensure protection of his identity, Plaintiff requests that any papers filed with the Court containing his actual name be immediately sealed and remain under seal.

10. A proposed Order is supplied contemporaneously herewith.

WHEREFORE, Plaintiff respectfully requests that this Motion for Leave to Proceed Under Pseudonym be granted, that any papers filed with the Court containing Plaintiff's actual name be immediately sealed and remain under seal, and for all other relief just and proper in the premises.

Respectfully submitted,

*s/ Keenan D. Wilson*
Keenan D. Wilson
Attorney for Plaintiff

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street. 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317) 955-9500
Facsimile:      (317) 955-2570
Email:            kwilsonj@jhaskinlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed on March 17, 2022 through the court's Electronic Filing System. Service will be completed on the Defendant in accordance with Local Rule 10-1.

*/s/Keenan D. Wilson*
Keenan D. Wilson