UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | 1:22-cv-00524-RLY-MG |
| ) | |
| BOARD OF TRUSTEES OF INDIANA ) | |
| UNIVERSITY, ) | |
| ) | |
| *Defendant.* ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Proceed Under Pseudonym. [Filing No. 5.] Although Defendant has not opposed Plaintiff's motion at this time, the Court must independently determine whether the standard for anonymous litigation is satisfied. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

### I.
### BACKGROUND

Plaintiff began his studies at Indiana University Bloomington ("the University") in the Fall of 2018. [Filing No. 1 at 3.] At the time of the incident giving rise to this litigation, Plaintiff was living off campus in Bloomington, Indiana during the summer of 2021 and was not enrolled in any classes. [Filing No. 1 at 3-4.]

As described by Plaintiff, he claims that he and another Indiana University student, "Jane Doe" (a pseudonym), engaged in consensual sexual activity. [Filing No. 1 at 4-5.] Jane Doe reported allegations of sexual assault to both the police department and to the University's Title IX office. [Filing No. 1 at 6.] The University conducted an investigation and a hearing into the matter. [Filing No. 1 at 6.] The hearing panel concluded that Plaintiff had engaged in non-consensual

sexual conduct with Jane Doe, and because of the findings, Plaintiff was to be suspended from December 23, 2021, through August 15, 2022. [Filing No. 1 at 8.]

On March 17, 2022, Plaintiff filed his Complaint as "John Doe," alleging that Defendant violated his Fourteenth Amendment due process rights and raises Title IX challenges to the University's sexual assault investigation. [*see generally* Filing No. 1.] Shortly after filing the Complaint, the Plaintiff filed the instant motion requesting leave to prosecute his case under a pseudonym. [Filing No. 5.] Defendant has not filed a response to the motion.

## II.
## LEGAL STANDARD

The Federal Rules of Civil Procedure require that all parties to a lawsuit be named. *See* Fed. R. Civ. P. 10(a) (providing that the "title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) (requiring that an action "be prosecuted in the name of the real party in interest"). A court *may* permit a party to use a pseudonym in extraordinary circumstances only—when the party demonstrates that his interests outweigh both prejudice to the opposing party if anonymity were permitted and "the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *See Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016).

"The decision whether to allow a party to proceed pseudonymously is within the discretion of the court." *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017); *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). The Court therefore "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th

Cir. 1997). Courts within the Seventh Circuit generally consider several factors in their weighing of these interests, including, but not limited to:

The Court's weighing of interests necessarily is fact sensitive. To determine whether Plaintiff's case constitutes an exceptional circumstance in which pseudonym treatment is warranted, courts consider several factors, including, but not limited to:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Doe v. City of Indianapolis, Ind.*, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (quoting *EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996)). The Seventh Circuit also has noted that fictitious names may be used where necessary to protect the privacy interests of "children, rape victims, and other particularly vulnerable parties or witnesses." *See Blue Cross & Blue Shield United*, 112 F.3d at 872.

### III.
### DISCUSSION

Plaintiff asks to proceed under a pseudonym "[g]iven the highly sensitive nature of the subject matter" in his Complaint and because he could "face irreparable injury to his reputation, even if ultimately exonerated of the allegations". [Filing No. 5 at 1-2.] The Plaintiff argues that his interests in privacy outweighs the public interest in disclosure of his name and relies on the fact that this case is against a public university, and thus challenges government action. [Filing No. 5 at 2.] And because the University already knows Plaintiff's identity, he argues there is no apparent

prejudice to them if Plaintiff litigates under a pseudonym. [Filing No. 5 at 2.] Defendants have not filed a response to Plaintiff's Motion.

The Court's weighing of interests necessarily is fact sensitive. To determine whether Plaintiff's case constitutes an exceptional circumstance in which pseudonym treatment is warranted, the Court will consider the following relevant factors: (a) whether Plaintiff is challenging governmental activity or an individual's actions; (b) whether Plaintiff's action requires disclosing information of the utmost intimacy; (c) whether Plaintiff's identification would place him at risk of suffering harm; (d) whether Defendants would be prejudiced by Plaintiff's continued anonymity; (e) the public's interest in guaranteeing open access to proceeding; and (f) whether Plaintiff's identity has thus far been kept confidential.

First, the Court considers whether Plaintiff challenges "governmental activity or an individual's actions." *New York Blood* Center, 213 F.R.D. at 111. Generally, "where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong," in part because "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* Here, Plaintiff brings his Complaint against a public educational institution's Trustees, contesting the University's disciplinary process. [Filing No. 1.] This Defendant is undisputedly a government actor, which weighs in Plaintiff's favor under the first factor.

Second, "the types of personal intimate information justifying anonymity for litigating parties have typically involved such intimate personal matters as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families," *Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004), as well as allegations concerning sexual

relationships and sexual assault, *Purdue Univ.*, 321 F.R.D. at 341, and religious beliefs, *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Here, Plaintiff argues that pseudonymity is appropriate because he would be required to disclose information regarding his prior sexual conduct. [Filing No. 5 at 2.] Additionally, the claims brought against him in question involved allegations of sexual assault, further weighing in Plaintiff's favor of anonymity.

Third, the Court considers whether "identification would put the plaintiff at risk or suffering physical or mental injury." *New York Blood Center*, 213 F.R.D. at 111. Here, Plaintiff argues he "is certain to face irreparable injury to his reputation, even if ultimately exonerated of the allegations". [Filing No. 5 at 2.] Ultimately, it appears Plaintiff's concerns are centered on potential embarrassment or humiliation, "but courts have generally rejected attempts to proceed under fictitious names based solely on such concerns." *Indiana Black Expo*, 923 F. Supp. at 142; *see Coe v. County of Cook*, 162 F.3d 491, 498 (7th Cir. 1998) ("the embarrassment felt by a person who [allegedly] engages in immoral or irresponsible conduct is not a compelling basis for a waiver of the general rule that parties to federal litigation must litigate under their real names"). A movant must show that his "specific circumstances demonstrate a risk of serious social stigmatization surpassing a general fear of embarrassment" for a court to consider such harms when deciding whether the movant should proceed anonymously. *Doe v. Cook County*, 2021 WL 2258313, at *5 (N.D. Ill. June 3. 2021). Plaintiff has not done so here. However, relevant to the third factor is "whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Purdue Univ.*, 321 F.R.D. at 342. Here, if Plaintiff is successful in proving that Defendants' procedures violated his due process rights, there is a chance that "the revelation of the Plaintiff's identity [in the course of this lawsuit] 'would further exacerbate the

emotional and reputational injuries he alleges.'" *Id.* (quoting *Doe v. Colgate Univ.*, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016)). Accordingly, the third factor is neutral.

Fourth, the Court considers whether Defendants "would be prejudiced by allowing the plaintiff to proceed anonymously." *New York Blood Center*, 213 F.R.D. at 111. Under this factor, "courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as the fundamental fairness of proceeding in this manner." *Id.* at 112. Plaintiff argues that the University "is well aware of Plaintiff's true identity and would face no prejudice if he is allowed to proceed under a pseudonym." [Filing No. 5 at 2.] Defendants have thus far, not presented an argument that they will be impeded in presenting their defense in this Court if Plaintiff is permitted to proceed anonymously. Accordingly, this factor favors Plaintiff.

Fifth, the court considers "the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system." *New York Blood Center*, 213 F.R.D. at 111. Disclosure of a plaintiff's identity is the standard and pseudonymity is acceptable in only "exceptional circumstances." *Blue Cross & Blue Shield United*, 112 F.3d at 872. Because the public is entitled to openness in federal proceedings, the fifth factor weighs against a grant of pseudonymity.

Finally, the Court considers whether Plaintiff's "identity has thus far been kept confidential." *Purdue Univ.*, 321 F.R.D. at 341. Plaintiff notes that "[p]ursuant to [the University's] own policy, the underlying investigation and adjudication that give rise to Plaintiff's claims were, are and remain confidential." [Filing No. 5 at 2-3.] Accordingly, because Plaintiff's identity has been kept confidential thus far, the sixth factor weights in favor of a grant of pseudonymity.

At this stage of the litigation, the Court finds that Plaintiff has overcome the presumption in favor of requiring a litigant's name to be a matter of public record by showing that the harm to Plaintiff exceeds the likely harm from concealment. However, the Court is mindful that over the course of litigation, circumstances could change the proper weight given to each factor. Therefore, the Court grants leave to Defendants to file a motion to reconsider due to changed circumstances.

## IV.
## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Leave to Proceed Under a Pseudonym, [5], is **GRANTED** and **ORDERS** the parties to use the pseudonym "John Doe" for Plaintiff, and the pseudonym "Jane Doe" to refer to the female complainant in the underlying disciplinary proceeding. The Court further **ORDERS** Defendants to refrain from revealing Plaintiff's identity.

The Court **GRANTS LEAVE** to Defendants to file a motion to reconsider due to changed circumstances.

Date: 4/28/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**