UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00524-RLY-MG |
| ) | |
| BOARD OF TRUSTEES OF INDIANA ) | |
| UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND SETTING TELEPHONIC STATUS CONFERENCE**

Pending before the Court is Plaintiff John Doe's Motion for Leave to File Amended Complaint, [Filing No. 46]. For the reasons set forth below, the Court **DENIES** in part and **GRANTS** in part Plaintiff's Motion for Leave.

## I.
### BACKGROUND

Plaintiff filed his Complaint, [Filing No. 1], on March 17, 2022. Defendant filed its answer on April 27, 2022. [Filing No 15.] The case management plan was entered on May 26, 2022, and the deadline to amend the pleadings was set for July 15, 2022. [Filing No. 22.] A settlement conference was held on April 23, 2023, but was unsuccessful. [Filing No. 40.] Modified case management deadlines were set on May 24, 2023. [Filing No. 44.] On July 7, 2023, Plaintiff filed his Motion for Leave to File Amended Complaint. [Filing No 46.] Defendants opposed this motion on July 21, 2023. [Filing No. 47.]

Plaintiff's original counsel filed a motion to withdraw, which motion has been granted. [Filing No. 49.] Plaintiff is represented by new counsel, which counsel filed the Motion for Leave and the Proposed Amended Complaint. [Filing 46-1.]

1

## II.
### STANDARD OF REVIEW

A party seeking leave to amend after the case management deadline expires is subject to a two-step inquiry. First, the moving party must demonstrate there is good cause for the amendment. Fed. R. Civ. P. 16(b)(4). This first inquiry "considers primarily 'the diligence of the party seeking amendment.'" *Shadeland Station Apartments I, LLC v. RealSource Brokerage Servs., L.C.*, 2011 WL 1769012, at *1 (S.D. Ind. May 5, 2011). If good cause exists, the Court must proceed to evaluate the request to amend under the more liberal gaze of Rule 15.

Under Rule 15, the "court should freely give leave when justice so requires." Fed. R. Civ. P.15(a). But the court "need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when an amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

## III.
### DISCUSSION

Plaintiff argues his Proposed Amended Complaint clarifies that he seeks Title IX relief under both "erroneous outcome" and "deliberate indifference" standards. [Filing No. 46 at 3.] Currently, the Complaint's Count I alleges "Violations of Title XI." As amended, the Proposed Complaint now contains "Count 1: Violations of Title IX – Deliberate Indifference" and "Count II: Violations of Title IX – Erroneous Outcome."[1] He also seeks to add factual allegations only recently available to him through discovery and to correct Defendant's name, [Filing No. 46].[2]

---

[1] Both the original Complaint and the Amended Complaint contain a Fourteenth Amendment claim. [Filing No. 1], [Filing No. 46-1].

[2] The original Complaint names Board of Trustees of Indiana University, [Filing No. 1]. The Proposed Amended Complaint names The Trustees of Indiana University, [Filing No. 46-1].

Defendant responds that Plaintiff is seeking to set forth a new theory of relief, the defense of which would require extensive additional discovery. [Filing No. 47 at 4-6.] Defendant also argues that the facts necessary to support clarification of Plaintiff's Title IX claim were available to Plaintiff at the time he filed his Complaint. [Filing No. 47 at 4-5.]

### A.  DILIGENCE IN FILING LEAVE TO AMEND

First, the Court must address Plaintiff's diligence in filing the pending motion. The deadline to file an amended pleading was July 15, 2022. [Filing No. 22.] Plaintiff filed his Motion for Leave on July 7, 2023, almost one year past the deadline.

"Delay alone is not a sufficient reason to deny a proposed amendment." *Pressley v. Ozaukee County*, 2022 WL 889386, at *2 (E.D. Wis. Mar. 25, 2022) (granting in part a motion to amend where the motion was filed one month after the case management deadline closed and the plaintiff, a full-time college student running a construction company, had been ill with COVID-19). However, "[w]hile delay in itself does not constitute a sufficient bases for denying a motion to amend, the longer the delay, the greater the presumption against granting of leave to amend." *Martin v. Noble County Sherriff's Dept*, 2020 WL 359141, at *3 (N.D. Ind. Jan. 22, 2020) (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). *See also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542 (7th Cir. 2005) (affirming district court's denial of leave to amend where the plaintiff filed for leave nine months after the deadline and failed to establish good cause); *Alito v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2001) (finding plaintiff lacked good cause to amend more than six months past the scheduling order deadline); *Centurylink Communications, LLC v. Peerless Network, Inc.*, 2019 WL 13076639, at *1 (N.D. Ill. Oct. 1, 2019) (denying a motion for leave to file an amended complaint where plaintiff's motion came three months after the case management deadline). "[T]o defeat an untimely motion to amend, the non-moving party

must show a lack of diligence coupled with another reason for denial, such as prejudice to the non-moving party." *Pressley*, 2022 WL 889386, at *1 (citing *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 789-791 (7th Cir. 2011)).

For his part, Plaintiff argues that good cause exists because he is merely seeking to clarify the legal theories of relief for his Title IX claim, add factual allegations only recently available to him through discovery, and correct Defendant's name. [Filing No. 46.]

The Court finds that Plaintiff does not have good cause to amend his complaint by clarifying his Title IX theories through adding Count II and that allowing him to do so creates undue prejudice to Defendant. Plaintiff's previous counsel had ample opportunity to file a Motion for Leave to Amend. Moreover, the Court notes this is not a situation in which "a grave inequity could result if the court does not allow the amendment." *Pressley*, 2022 WL 889386, at *2. Plaintiff is welcome to *argue* that his Title IX claim, as pled, encompasses both deliberate indifference and erroneous outcome theories. *See King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014) (noting the court's "strong commitment to the idea that a plaintiff need not plead legal theories in her complaint."); *Rabe v. United Airlines United, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error.").

The Court may benefit from a clearer complaint—that is often the case. But that benefit—if it is to be had—does not overcome these circumstances where Plaintiff seeks to amend the counts to his complaint almost a year past the deadline to do so. Plaintiff's desire to clarify or improve his Title IX claims with the benefit of new counsel does not equate to the good cause contemplated under Rule 16(b)(4). But, while one can argue that by filing the motion to amend almost one year after he filed this complaint, Plaintiff was not reasonably diligent in his other requests, the Court

4

finds that he has stated good cause for his delay in adding factual allegations and correcting Defendant's name.

Even with good cause, however, a court may deny leave to file an amended complaint under Rule 15(a)(2) because of: (1) undue delay, bad faith, or dilatory motive on the movant's part; (2) repeated failure to cure deficiencies by prior amendments; (3) undue prejudice to the opposing party; or (4) the proposed amendment's futility. *Pressley*, 2022 WL 889386, at *3. The Court proceeds to evaluate Plaintiff's requests to correct Defendant's name and add factual allegations under Rule 15(a)(2).

### B. Leave to Correct Defendant's Name

Defendant does not object to the correction of Defendant's name and the Court has an interest in ensuring each party is properly identified. Leave is granted.

### C. Leave to Add Factual Allegations

Regarding the recently discovered factual allegations, Plaintiff does not make it clear whether (1) the receipt of Defendant's recent, relevant production was a result of an inadvertence on the part of previous Plaintiff's counsel, or if Defendant has recently produced this responsive information to Plaintiff for the first time; or (2) which paragraphs have been added to the Complaint.[3] Regardless, the Court is aware that discovery was ongoing, that facts were discovered in the discovery process, and believes good cause exists to amend the Complaint to add newly discovered factual allegations related to the Title IX investigation. *See Hawkins v. Alorica, Inc.*, 2012 WL 1231779, at *1 (S.D. Ind. April 12, 2012) (allowing amendment where new facts were revealed through discovery).

---

[3] Plaintiff is directed to do so in the future. Otherwise, the Court must compare each paragraph of the two complaints to discover which facts have been added.

Defendant states most of the facts regarding the Title IX investigation were available to Plaintiff at the onset of the lawsuit. Plaintiff, on the other hand, represents that "most, if not all of these facts were not available to Doe until recently; in the month before Plaintiff filed his Amended Complaint, Defendant produced hundreds of pages of documents responsive to outstanding discovery requests that were not in the file the undersigned received from previous counsel." [Filing No. 46 at 4-5.] Plaintiff's counsel are officers of the Court, and as such, the Court takes them at their word that most, if not all, of the amended *facts* were the result of information gleaned through the discovery process.

Under the liberal construction of Rule 15, the Court finds amendment for additional facts related to the Title IX investigation allowable. Moreover, there is minimal if any cause for concern regarding undue prejudice. "[V]irtually every amendment of a complaint results in some degree of prejudice to a defendant . . . [t]hus, it is not enough that a defendant will suffer prejudice from the amendment, that prejudice must be undue." *North Eastern Mining Co. v. Dorothy Coal Sales, Inc.*, 108 F.R.D. 657, 660 (S.D. Ind. 1985). Defendants suffer no undue prejudice due to an amendment allowing additional facts related to Plaintiff's Title IX claim. Thus, leave to amend as to additional factual allegations related to Plaintiff's Title IX claim is granted.

Non-expert witness and liability discovery closed on October 2, 2023. Expert witness and damages discovery closes on February 14, 2024. The parties have until March 15, 2024, to complete all remaining discovery. [Filing No. 44.] Should the parties feel an extension necessary, or should they wish for a limited re-opening of the non-expert witness and liability discovery deadline, they are directed to confer and approach the Court with amended deadlines.

Moreover, the Court is inclined to allow Defendant to supplement or revise its Motion for Summary Judgment, [Filing No. 50], and contemporaneous brief once it has the chance to review

6

this order and the Amended Complaint, as re-filed by Plaintiff according to the below schedule. The Court will set a Telephonic Status Conference to discuss whether such amended briefing is required.

## IV.
### CONCLUSION

Therefore, the Court **DENIES** Plaintiff's Motion for Leave to File Amended Complaint [46] to the extent the Amended Complaint clarifies Plaintiff's Title IX theories. However, Plaintiff's Motion for Leave to File Amended Complaint [46] is **GRANTED** to the extent Plaintiff wishes to correct Defendant's name and add the newly discovered factual allegations contained in [46-1]. Plaintiff is directed to file a new Motion and Proposed Amended Complaint to in accordance with the above rulings within **seven (7) days** from this Order. In the renewed Motion, Plaintiff must specify which factual paragraphs have been added.

This matter is set for Telephonic Status Conference on October 23, 2023, at 3:30 p.m. The Parties should come prepared to discuss the dispositive briefing schedule; namely, whether there is a need for Defendant to amend or supplement its previously filed Motion for Summary Judgment materials.

Date: 10/6/2023

*/s/ Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**