UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00524-RLY-MG |
| | ) |
| BOARD OF TRUSTEES OF INDIANA UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This Order comes upon Defendant's Motion to Maintain Documents under Seal, [Filing No. 77]. For the following reasons, the Court **GRANTS** Defendant's Motion.

### I.
### LEGAL STANDARD

The Seventh Circuit disfavors secrecy in judicial proceedings, as secrecy "makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014); *see also Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("[T]he public cannot monitor judicial performance adequately if the records of judicial proceedings are secret."). Consequently, federal court proceedings are "presumptively open to public scrutiny" and must "be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital*, 827 F.3d 689, 691-92 (7th Cir. 2016).

A court may, though, permit the sealing of documents if there is good cause to do so—that is, if the movant's privacy interests trump the interests of the public in full transparency of the judiciary. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Jessup*, 277 F.3d at 928 ("When there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed."). A party requesting that a document be sealed must justify its claim of secrecy. *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546-47 (7th Cir. 2002).

## II.
### ANALYSIS

Defendant requests the Court maintain its exhibits filed in connection with its pending Motion for Summary Judgment under seal.[1] [Filing No. 77.] Defendant has filed a Brief in Support as required by L.R. 5-11(d)(5), stating that it seeks to maintain these exhibits under seal to comply with federal law and the Court's order granting John Doe's motion for leave to proceed under pseudonym. [Filing No. 78 at 3.] Further, it contends the protective order calls for the parties to protect documents covered by the Family Rights and Educational Rights and Privacy Act. [Filing No. 78 at 3.] Defendant argues that redactions alone may not afford adequate protection for those identified in the documents. Lastly, Defendant details that Plaintiff's counsel does not oppose the Defendant's efforts. As such, these exhibits shall be maintained under seal in their entirety.

---

[1] *See* Filing No. 76.

## III.
### CONCLUSION

Defendant's Motion to Maintain Documents Under Seal, [77], is **GRANTED.** The Clerk is **DIRECTED** to permanently maintain Filing No. 76, in its entirety, under seal.

Date: 1/4/2024

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**