UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00524-RLY-MG |
| | ) |
| BOARD OF TRUSTEES OF INDIANA UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff's Motion to Maintain Under Seal, [84]. For the reasons discussed below, the motion is **DENIED**.

**I.**
**DISCUSSION**

Courts must take care when determining whether to seal documents and thus shield them from the public. This is because "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public"). Indeed, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). A party may therefore only file a document under seal if it has shown "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Simply designating information as confidential is insufficient to permit under-seal filing. *See Union Oil Co. of*

*California v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000) (explaining that requests to seal documents based only on confidentiality orders have been uniformly rejected unless good cause exists). Moreover, it is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure of the confidential information would cause harm. *Baxter,* 297 F.3d at 547. In the Southern District of Indiana, the filing of documents under seal is governed by Local Rule 5-11.

As part of its response in opposition to Defendant's Motion for Summary Judgment, Plaintiff filed redacted versions of exhibits found at Filing Nos. 81-1 and 81-2 under seal. [*See* Filing No. 82-1; Filing No. 82-2.] In Plaintiff's current motion—while titled as a motion to maintain documents under seal—he argues that the redacted versions can be made publicly available, and the redactions alone are sufficient to protect the interests of the parties. Plaintiff further says the documents at issue were originally designated as confidential by Defendant. As the designating party, Defendants did not respond with a statement authorizing the unsealing, or a brief in support of maintaining seal, as required by L.R. 5-11(d)(5). However, the court may summarily rule on the motion to seal even if the designating party does not file the required statement or brief. *See* L.R. 5-11(d)(5). Having considered Plaintiff's argument, the Court finds that redactions are sufficient in this instance to protect the interests of the parties without maintaining the documents under seal. Therefore, the Plaintiff's motion is **DENIED.**

## II.
### Conclusion

Plaintiff's motion, [84], is **DENIED**. The Clerk is **DIRECTED** to unseal the redacted versions of Plaintiff's Exhibits in Support of their Response in Opposition to Summary Judgement, [Filing No. 82].

Date: 3/1/2024

                                          Mario Garcia
                                          United States Magistrate Judge
                                          Southern District of Indiana

**<u>Distribution via ECF to all counsel of record.</u>**