UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEC ERNY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00524-RLY-MG |
| | ) |
| BOARD OF TRUSTEES OF INDIANA UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| MADELINE MOORE, | ) |
| | ) |
| Interested Party. | ) |

**ENTRY DENYING MOTION TO QUASH AND MODIFYING SUBPOENA**

This matter is scheduled for jury trial beginning tomorrow, September 10, 2024. Non-party witness Madeline Moore now moves to quash the trial subpoena issued to her by Plaintiff Alec Erny. (Filing No. 126). For the reasons set forth below, the court **MODIFIES** the trial subpoena to allow Moore to testify remotely.

**I.     Timeliness**

First, Plaintiff argues Moore's motion should be denied as untimely. A motion to quash a subpoena must be "timely" filed, Fed. R. Civ. P. 45(d)(3)(A), but "the Federal Rules do not define 'timely' and courts within the Seventh Circuit have yet to conclusively determine what constitutes a timely filing," *Allstate Ins. v. Orthopedic, P.C.*, No. 1:22-mc-00016, 2022 WL 715434, at *3 n.3 (S.D. Ind. Mar. 9, 2022). For example, some courts require motions to quash to be filed within fourteen days. *See Castelino v.*

1

*Rose-Hulman Inst. of Tech.*, No. 2:17-cv-00139, 2018 WL 3721391, at *3 (S.D. Ind. Aug. 6, 2018). Others only require a motion to "be made 'at or before the time of compliance.'" *Id.* (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc.*, No. 1:06-cv-01205, 2009 WL 3255246, at *1 (N.D. Ill. Oct. 6, 2009)).

Here, Moore moved to quash the subpoena on September 6, 2024—25 days after the doorman of her apartment building accepted the package containing the subpoena and 4 days before the date of compliance. (Filing No. 126-1, Moore Aff. ¶ 4, Ex. C; *see* Filing No. 128-1, Certified Mail Receipt & Tracking at 2). Moore explains, though, that she did not personally receive the subpoena until September 2. (Moore Aff. ¶ 5 ("The package was . . . delivered to me on . . . September 2, 2024.")). Thus, in this circumstance, the court need not delve into which interpretation of "timely" it finds most proper. Even if Moore's motion was untimely, the court would excuse her untimeliness given that she moved to quash within days "of learning of the subpoena's existence." *Allstate*, 2022 WL 715434, at *3 n.3 (explaining a court may excuse untimely motions to quash "in unusual circumstances and for good cause" (quoting *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 894 (S.D. Ind. 2006))). While it is certainly not ideal that Moore filed her motion at the eleventh hour, just days before trial, the court is unwilling to find her motion untimely and will now consider whether the subpoena issued by Plaintiff complied with Federal Rule of Civil Procedure 45.

## II.    Geographical Limits

Moore first argues the subpoena should be quashed because it seeks to compel her testimony outside the geographic limits set by Rule 45.

This is straightforward. The subpoena very clearly runs afoul of the geographic limits of Rule 45(c). "A subpoena may command a person to attend a trial . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Here, Plaintiff issued a trial subpoena to Moore, who lives and is employed in Chicago, Illinois, and "do[es] not work in Indiana" or "regularly conduct business there."[1] (Moore Aff. ¶¶ 3, 11–13). Chicago is well over 100 miles from the Birch Bayh Federal Building in Indianapolis, Indiana, where the trial in this matter is set to take place. This is a sufficient basis to "quash or modify" the trial subpoena. *See* Fed. R. Civ. P. 45(d)(3).

### III.   Witness Fees

But even if the subpoena complied with Rule 45(c), there is another issue: Plaintiff failed to tender the requisite witness fees and costs. A party issuing a subpoena requiring attendance at trial must "tender" to the witness "the fees for 1 day's attendance and the mileage allowed by law." Fed. Rule Civ. P. 45(b)(1). "A failure to simultaneously tender the required fees with the subpoena invalidates" the subpoena. *ANGEL Learning, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 1:08-cv-01259, 2010 WL 11561734, at *2 (S.D. Ind. Jan. 27, 2010) (cleaned up). Plaintiff acknowledges he did not tender witness fees or estimated travel expenses when he served the subpoena. (Filing No. 128, Pl.'s Resp. Br. at 7; *see also* Moore Aff. ¶¶ 6–7). This too could be a "sufficient basis to quash

---

[1] Plaintiff speculates that, because Moore works remotely, she must work from her relatives' homes in Indiana. (*See* Filing No. 128-2, Proof of Non-Service Dated Sept. 6, 2024 (indicating Moore "works remotely"); Filing No. 128-3, Public Record Search (suggesting Moore has relatives in Indianapolis and Granger, Indiana)). But this is nothing more than speculation.

3

[the] subpoena. *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013); *see, e.g.*, *Velez v. City of Chicago*, No. 18 C 8144, 2021 WL 2942047, at *3 (N.D. Ill. July 13, 2021) (collecting cases).

### IV.    Modification

Plaintiff argues that "[b]ecause of the confusion with Ms. Moore's address(es)," the subpoena should be modified instead of quashed. (Pl.'s Resp. Br. at 5); *see* Fed. R. Civ. P. 45(d)(3) (permitting courts to "modify a subpoena" that violates the 100-mile rule). Plaintiff notes that he initially believed Moore lived in Bloomington, Indiana. (*See* Filing No. 128-3, Public Record Search at 2 (listing Moore's current address as a Bloomington address); Moore Aff. Ex. B (indicating subpoena was also sent to a Bloomington address)). He also speculates that Moore could be working remotely in Indiana and within 100 miles of the Indianapolis courthouse. Because of this confusion and because Moore is a "crucial witness,"[2] Plaintiff requests that the court modify the subpoena pursuant to Rules 43 and 45 to allow Moore to testify remotely. (Pl.'s Resp. Br. at 5–6); *see* Fed. R. Civ. P. 43(a).

Generally, "modification of a subpoena is . . . preferred to outright quashing." *Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (same). Here, several factors weigh in favor of modifying, rather than quashing, the trial subpoena. Allowing Moore to testify remotely would certainly relieve Moore of the expense and inconvenience of traveling for

---

[2] Plaintiff explains that he expects Moore to testify about Indiana University's treatment of her throughout the disciplinary process. (*See* Pl.'s Resp. Br. at 6).

trial and would cure the subpoena's geographical problems.  *See, e.g.*, *Gray v. City of Chicago*, No. 1:18-CV-02624, 2023 WL 7092992, at *7–9 (N.D. Ill. May 8, 2023). Plaintiff has explained why Moore is an important witness and what testimony he expects from her.  (*See* Pl.'s Resp. Br. at 6).  Further, it appears Defendant also intends to question Moore.  (*See* Filing No. 112, Def.'s Final Witness List at 3 (listing "[a]ny witness called by Plaintiff Alec Erny or listed on his Final Witness list")).  Given that the court has already permitted two other witnesses in this case to testify remotely at trial this week (Filing No. 123), the court finds that good cause and compelling circumstances exist to justify remote testimony by Moore, *see* Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances . . . , the court may permit testimony in open court by contemporaneous transmission from a different location.").

      Admittedly, a modification allowing Moore to testify remotely will not cure Plaintiff's failure to tender the requisite fees and expenses.  *See Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 1939358, at *6 (N.D. Ill. Apr. 22, 2020) (explaining "modification of a subpoena is warranted where the modification will 'remove its objectionable features'" (quoting *Ghandi v. Police Dep't of Detroit*, 74 F.R.D. 115, 117 (E.D. Mich. 1977))).  Ordinarily, as Plaintiff notes, a witness may insist on strict compliance with Rule 45(b)(1).  *See Brewer v. Town of Eagle*, 663 F. Supp. 3d 939, 944–45 (E.D. Wis. 2023) ("Provision of payment after receipt of the subpoena will not suffice.").  However, if Moore is permitted to testify remotely, she need not travel to Indianapolis for trial and will not, therefore, be harmed by Plaintiff's failure to tender

5

travel expenses when he initially served the subpoena. The court therefore concludes that modification of the subpoena to allow remote testimony is appropriate.

## V. Request for Sanctions

Moore also requests attorney fees pursuant to Rule 45(d)(1), under which the court "must . . . impose an appropriate sanction—which may include . . . reasonable attorney's fees—on a party or attorney who fails" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena."

Moore, without citation to caselaw, contends that Plaintiff's failure to comply with Rules 45(c) and 45(b)(1) necessarily constitutes a violation of counsel's duty to avoid imposing undue burden. The court shares many of Moore's concerns with Plaintiff's failure to comply with Rule 45, but this noncompliance leads the court to conclude that the subpoena is invalid, not that it imposed undue burden or expense. Additionally, "courts have interpreted Rule 45(d)(1) sanctions as applying primarily to reimburse a non-party's costs incurred in *complying* with a subpoena, not merely litigating a motion to quash." *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110, 2015 WL 5782351, at *8 (N.D. Cal. Oct. 5, 2015) (emphasis in original) (citing *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427–28 (9th Cir. 2012)). The court acknowledges Moore has incurred legal fees related to this motion to quash, but she has not shown that she has incurred expenses complying with the invalid subpoena. Therefore, the court declines to impose Rule 45 sanctions.

## VI. Conclusion

For the reasons discussed above, the court **DENIES** Moore's Motion to Quash (Filing No. 126) to the extent that it **MODIFIES**, rather than **QUASHES**, the subpoena. Plaintiff's Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action issued to Madeline Moore is hereby **MODIFIED** to require Moore's testimony at trial on Tuesday, September 10, 2024, by remote videoconference. Additionally, the court **DENIES** Moore's request for attorney fees (Filing No. 126).

**IT IS SO ORDERED** this 9th day of September 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsels of Record.