UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEC ERNY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00524-RLY-MG |
| | ) |
| BOARD OF TRUSTEES OF INDIANA UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**PRELIMINARY JURY INSTRUCTIONS**

## PRELIMINARY INSTRUCTION NO. 1

Members of the jury, before we begin the trial, I would like to tell you a little bit about what will occur during the course of the trial. I want to briefly describe how the trial will be conducted and explain what we—me as the judge and the lawyers for both sides—will be doing. At the end of the trial, I will give you some more detailed instructions on how you are to reach your decision.

## PRELIMINARY INSTRUCTION NO. 2

You have been selected as jurors and have taken an oath to well and truly try this case. You are to perform this duty without bias, sympathy, or prejudice for or against any party. Our system of law does not permit jurors to be governed by bias, sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law does not favor one party over another. All persons stand equal before the law and are to be dealt with as equals in a court of justice. In this case, one of the parties is a state educational institution. A state educational institution is entitled to the same fair consideration that you would give any individual person.

## PRELIMINARY INSTRUCTION NO. 3

During the progress of the trial, there will be periods of time during which you will be allowed to separate, such as recesses for rest periods, for lunch periods, and overnight. During those periods of time that you are outside the courtroom and are permitted to separate, you must not talk about this case among yourselves or with anyone else. In addition, you may not use cell phones, smart phones, the internet, and/or other tools of technology to communicate electronically with anyone, including family and friends, about this case through email, text messaging, Twitter, Facebook, Instagram, Snapchat, TikTok, and the like.

During the trial, do not talk to any of the parties, their lawyers, or any of the witnesses. If any attempt is made by anyone to communicate with you concerning this case, or you realize a fellow juror has violated the rules against contacting third parties, you should report the fact to the court immediately.

There may be publicity in the newspapers, on the radio, on television, or on the internet concerning this trial. You should not read or listen to these accounts but should confine your attention to the court proceeding, listen attentively to the evidence as it comes from the witnesses, and reach a verdict solely upon what you hear and see in this court.

During the trial, you may not conduct any independent research about this case, the matters in the case, and the individuals or institutions involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, or

use any other electronic tools to obtain information about this case or to help you decide the case.

      You should keep an open mind.  You should not form or express an opinion during the trial, and you should reach no conclusion in this cause until you have heard all of the evidence, the arguments of counsel, and the final instructions as to the law, which will be given to you by the court.

## PRELIMINARY INSTRUCTION NO. 4

The trial will proceed in the following manner:

First, Plaintiff's attorney will make an opening statement. Next, Defendant's attorney will make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendant will have an opportunity to call witnesses and present evidence.

After you have heard all the evidence, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments. Closing arguments are not evidence. In closing arguments, the parties will attempt to summarize their cases and help you understand the evidence that was presented.

After that, you will go to the jury room to deliberate on your verdict. Your deliberations will be secret, and you will never have to explain your verdict to anyone.

**PRELIMINARY INSTRUCTION NO. 5**

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial.  As the judge, one of my duties is to decide all questions of law and procedure.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.  Consider all of my instructions together.  Do not single out any individual sentence, point, or instruction and ignore others.

Nothing I say during trial is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## PRELIMINARY INSTRUCTION NO. 6

This is a civil case brought by Plaintiff Alec Erny against Defendant, The Trustees of Indiana University.  Mr. Erny filed a complaint alleging Indiana University violated Title IX of the Education Amendments of 1972, which states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance."

Specifically, Mr. Erny alleges he was discriminated against on the basis of his gender when he was suspended after being found to have violated the University's code of conduct for engaging in behavior constituting sexual harassment and sexual assault toward a female student.

The parties do not dispute that Indiana University received federal funding or that Mr. Erny was denied the benefits of an educational program.  Rather, this trial focuses on Mr. Erny's allegations of gender-based discrimination during the University's disciplinary process—an allegation Defendant denies.

## PRELIMINARY INSTRUCTION NO. 7

Plaintiff must prove his claim by a preponderance of the evidence.

When I say that a party must prove something by a preponderance of the evidence, this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

A greater number of witnesses testifying to a fact on one side or a greater quantity of evidence introduced on one side is not necessarily of the greater weight.

You should base your decision on all the evidence, regardless of which party presented it.

## PRELIMINARY INSTRUCTION NO. 8

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

## PRELIMINARY INSTRUCTION NO. 9

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or that the parties may agree or stipulate to. A stipulation is an agreement between both sides that certain facts are true.

A particular piece of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the piece of evidence can and cannot be used.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions, and objections; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## PRELIMINARY INSTRUCTION NO. 10

You should use your common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## PRELIMINARY INSTRUCTION NO. 11

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact or a series of facts that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago, and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## PRELIMINARY INSTRUCTION NO. 12

You are the exclusive judges of the evidence, the credibility of the witnesses, and the weight to be given to the testimony of each of them.  In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the manner and conduct of the witness while testifying; any interest, bias, or prejudice the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considered in light of all of the evidence in the case.

If there are conflicts in the evidence, it is your duty to reconcile the conflicts, if you can, on the theory that each witness has testified to the truth.  You should not disregard the testimony of any witness without a reason and without careful consideration.  If you find conflicting testimony that you cannot reconcile, you must determine which of the witnesses you believe and which of them you disbelieve.

In weighing the testimony to determine what or whom you believe, you should use your own knowledge, experience, and common sense gained from day-to-day living.

## PRELIMINARY INSTRUCTION NO. 13

From time to time during trial, I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

## PRELIMINARY INSTRUCTION NO. 14

At times during the trial, it may be necessary for me to talk with the lawyers here at the bench out of your hearing or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## PRELIMINARY INSTRUCTION NO. 15

Any notes you take during the trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## PRELIMINARY INSTRUCTION NO. 16

Pay close attention to the evidence as it is being presented. At the end of the trial, you must make your decision on what you recall of the evidence. You will not have a written transcript to consult.

## PRELIMINARY INSTRUCTION NO. 17

During the trial, I may ask a witness questions. Do not assume that because I ask questions, I hold any opinion on the matters I ask about or on how the case should be decided.

## PRELIMINARY INSTRUCTION NO. 18

You may submit questions to witnesses to clarify their testimony during trial under certain conditions.

If you feel the answer to your question would be helpful in understanding this case, you should raise your hand after the lawyers have completed their examinations but before the witness is excused.  I will have you write your question and hand it to the clerk.  I will then privately confer with the lawyers about the question and make a ruling on whether the law allows the question to be asked of that witness.  If the question is of the type that is allowed, I will address the question to the witness.  Please do not directly speak to me, the lawyers, or the witnesses but carefully follow this procedure if you wish to have a specific question addressed to a witness.