UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALEC ERNY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00524-RLY-MG |
| | ) | |
| BOARD OF TRUSTEES OF INDIANA | ) | |
| UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL JURY INSTRUCTIONS**

1

## FINAL INSTRUCTION NO. 1

Members of the jury, you have seen and heard all the evidence, and Plaintiff's and Defendant's attorney will make their final arguments to you in a few moments.  Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**FINAL INSTRUCTION NO. 2**

You each have a copy of these instructions, and those copies will be sent into the jury room along with the exhibits admitted into evidence.

If I have stated any rule, direction, or idea in these instructions in varying ways, I have not intended any special emphasis on the point, and you should not give the point any special emphasis.  For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others.  You must consider all the instructions as a whole, and you are to regard each instruction in light of all the others.

**FINAL INSTRUCTION NO. 3**

In this case, the Defendant is a state educational institution.  All parties are equal before the law.  A state educational institution is entitled to the same fair consideration that you would give any individual person.

## FINAL INSTRUCTION NO. 4

The evidence consists of the testimony of the witnesses and the exhibits admitted into evidence.

## FINAL INSTRUCTION NO. 5

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard.  Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**FINAL INSTRUCTION NO. 6**

You should use common sense in weighing the evidence and consider the evidence in the light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

## FINAL INSTRUCTION NO. 7

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago, and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weigh to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## FINAL INSTRUCTION NO. 8

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**FINAL INSTRUCTION NO. 9**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

## FINAL INSTRUCTION NO. 10

In determining whether any fact has been proved, you should consider all the evidence bearing on the question regardless of who introduced it.

## FINAL INSTRUCTION NO. 11

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**FINAL INSTRUCTION NO. 12**

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## FINAL INSTRUCTION NO. 13

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**FINAL INSTRUCTION NO. 14**

I am now ready to give you the law that applies to this case.

This lawsuit was brought under Title IX of the Education Amendments of 1972.

Title IX prohibits colleges and universities that receive federal funds from denying

students access to educational benefits and opportunities on the basis of the student's sex.

**FINAL INSTRUCTION NO. 15**

Plaintiff claims that Defendant intentionally discriminated against him on the basis of sex—that is, because he is male—when it investigated and took disciplinary action against him after finding him responsible for sexual misconduct.

For Plaintiff to prevail against Defendant under Title IX, Plaintiff must prove by a preponderance of the evidence that Plaintiff's sex was a motivating factor in Defendant's actions.

A motivating factor is something that contributed to Defendant's actions.

## FINAL INSTRUCTION NO. 16

In deciding Plaintiff's claim, you should not concern yourselves with determining what happened between Plaintiff and Madeline Moore or whether Plaintiff engaged in behavior that constituted sexual misconduct.  Rather, your only concern is whether Plaintiff has proved that Defendant discriminated against him on the basis of sex.

## FINAL INSTRUCTION NO. 17

Plaintiff is not required to produce direct evidence of intentional discrimination.

Intentional discrimination may be inferred from circumstantial evidence.

**FINAL INSTRUCTION NO. 18**

Evidence that an individual or institution favors complainants or victims in investigating allegations of sexual misconduct or has a pro-complainant or pro-victim bias does not support an inference of anti-male bias.  That is because both men and women can be victims of sexual misconduct or complainants in sexual misconduct cases.

**FINAL INSTRUCTION NO. 19**

If you find that Plaintiff has proved his claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.  Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove his claim, then you will not consider the question of damages.

**FINAL INSTRUCTION NO. 20**

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.  Your award must be based on evidence and not speculation or guesswork.

In calculating damages, you should consider economic loss suffered by Plaintiff due Defendant's actions, including the following types of compensatory damages: the wages, salary, profits, and earning capacity that Plaintiff has lost and the present value of the wages, salary, profits, and earning capacity that Plaintiff is reasonably certain to lose in the future because of Defendant's actions.

You are not permitted to award damages for any emotional distress or harm Plaintiff asserts.

## FINAL INSTRUCTION NO. 21

Neither the fact that this lawsuit was filed nor the fact that I have instructed you on the question of damages is to be considered by you as any indication that Plaintiff is entitled to recover in this action.  Neither should you interpret what I have just said as indicating that Plaintiff is not entitled to recover.  This is for you to decide.

## FINAL INSTRUCTION NO. 22

I remind you that your duty is to decide this case without bias, sympathy, or prejudice for or against either side.  Your duty is to weigh the evidence carefully and to apply the law in these instructions to the facts as you find them.

## FINAL INSTRUCTION NO. 23

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take the form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the form.

When you wish to return your verdict, notify the bailiff in writing.

## FINAL INSTRUCTION NO. 24

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

**FINAL INSTRUCTION NO. 25**

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.