UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEC ERNY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00524-RLY-MG |
| ) | |
| BOARD OF TRUSTEES OF INDIANA ) | |
| UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

On September 11, 2024, after a two-day jury trial in this matter, the jury found in favor of Plaintiff Alec Erny on his Title IX sex discrimination claim against Defendant, the Trustees of Indiana University.[1]  Pursuant to 42 U.S.C. § 1988(b) and Federal Rule of Civil Procedure 54(d), Plaintiff now requests $351,288.59 in attorney fees and costs. (Filing No. 137).  Defendant agrees Plaintiff is entitled to recover fees and costs but contends that a smaller attorney fee award—calculated using a lower hourly rate and no enhancement—would reasonably compensate Plaintiff's counsel.  For the reasons explained below, the court **GRANTS in part** and **DENIES in part** Plaintiff's motion.

**I.       Legal Standard**

42 U.S.C. § 1988 provides that "[i]n any action or proceeding to enforce" Title IX of the Education Amendments, "the court, in its discretion, may allow the prevailing

---

[1] Prior to trial, the court granted Defendant's Motion for Summary Judgment as to Plaintiff's due process claim under 42 U.S.C. § 1983.  (Filing No. 98).

1

party . . . a reasonable attorney's fee." 42 U.S.C. § 1988(b); *Cannon v. Univ. of Chi.*, 441 U.S. 677, 685 & n.6 (1979). To determine a reasonable fee, the court begins by calculating the lodestar, "which is the attorney's reasonable hourly rate multiplied by the hours the attorney reasonably expended on the litigation." *Nichols v. Ill. Dep't of Transp.*, 4 F.4th 437, 441 (7th Cir. 2021). "The lodestar approach forms the 'centerpiece' of attorneys' fee determinations." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). But it is not the end of the court's analysis: The court may adjust the lodestar amount based on a variety of factors, including the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434–36 (1983). The court has broad discretion in determining a reasonable award under § 1988. *Montanez v. Simon*, 755 F.3d 547, 552–53 (7th Cir. 2010).

  Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is presumptively entitled to costs. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005). This presumption "is difficult to overcome." *Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022) (quoting *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019)). "[T]he losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon*, 411 F.3d at 864.

## II.     Discussion

### A.     Attorney Fees

First, Plaintiff requests an award of $326,700 in attorney fees. This figure represents a lodestar amount of $271,800 (calculated using 396 hours of work at an hourly rate of $550) with a 50% enhancement. Defendant objects to the requested hourly rate and 50% enhancement.

#### 1.     *Prevailing Party*

As an initial matter, to recover attorney fees, a plaintiff must be a "prevailing party." 42 U.S.C. § 1988; *Hensley*, 461 U.S. at 433. Defendant does not dispute that Plaintiff, who received a favorable jury verdict on his Title IX claim, qualifies as a prevailing party who is entitled to fees. *See, e.g.*, *Robinson v. Perales*, 894 F.3d 818, 834 (7th Cir. 2018).

#### 2.     *Lodestar Calculation*

The court begins with the lodestar calculation, which requires the court to determine Plaintiff's attorneys' "reasonably hourly rate" and the hours they "reasonably expended on the litigation." *Nichols*, 4 F.4th at 441. Plaintiff, as the party seeking fees, "bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999).

"A reasonable hourly rate is based on the local market rate for the attorney's services." *Mortanez*, 755 F.3d at 553. "The best evidence of the market rate is the amount the attorney actually bills for similar work . . . ." *Id.*; *see People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996) ("The

3

attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." (quoting *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1151 (7th Cir. 1993))). But where this rate cannot be determined, the court may rely on the "'next best evidence' of an attorney's market rate, namely 'evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases.'" *Pickett*, 664 F.3d at 640 (quoting *Spegon*, 175 F.3d at 555).

Here, Plaintiff's attorneys from Saeed & Little in Indianapolis, Indiana— Annemarie Alonso, Jonathan Little, Jessica Wegg, and Daniel Canon—all seek an hourly rate of $550. This is at the high end of the hourly rates they charge. (Filing No. 137-3, Little Decl. ¶¶ 7, 10). Plaintiff provides a declaration from Little explaining why he believes this is an appropriate rate for himself and his colleagues, who have all practiced for around 15 years and have extensive trial experience. (*See, e.g.*, *id.* ¶¶ 10–12, 17, 22–24, 29, 31, 34). They also submit third-party affidavits from Indianapolis attorneys supporting their requested hourly rate. (Filing No. 137-4, Waples Aff.; Filing No. 137-5, Riggins Aff.).

But there is a problem: As Defendant notes, Plaintiff's counsel previously represented to the court that their hourly rate is lower. In a pretrial statement of fees related to a motion for sanctions, filed only two months before this motion for attorney fees, Plaintiff stated his attorneys' "hourly rates are $350." (Filing No. 113, Pl.'s Statement of Fees at 1). In support, Little explained Plaintiff's attorneys' rates range from "$300/hour to $550/hour depending on" several factors and stated he "believe[d]

4

$350/hour [was] a fair amount for this situation." (Filing No. 113-2, Little Aff. ¶ 4). Defendant argues Plaintiff's attorneys are bound to that hourly rate. In response, Plaintiff argues $350 was an appropriate rate for a pretrial discovery dispute but that his counsel "should not be punished" for using "generously low rates" in a pretrial motion. (Filing No. 137, Pl.'s Mot. for Att'y Fees at 4 n.3; Filing No. 141, Pl.'s Resp. at 3).

It is difficult to get around the fact that Little, just two months before filing the present motion, characterized this case as one in which a $350 hourly rate is appropriate. *See Mortanez*, 755 F.3d at 553–54 (explaining the "best evidence" of a reasonable hourly rate "is the amount the attorney actually bills for similar work" and that the court considers evidence from other attorneys in the community only "if that rate can't be determined"). That said, the court understands that hourly rates can change. Plaintiff's attorneys' "suggestion of a reasonable rate earlier in the case does not" necessarily "irretrievably lock them in to that rate." *Pucci v. Somers*, 834 F. Supp. 2d 690, 702 (E.D. Mich. 2011), *aff'd*, 596 F. App'x 460 (6th Cir. 2015). However, to receive the higher rate of $550, Plaintiff's attorneys must "justify the substantial increase [they] are advocating [for] in their present motion," and they have failed to do so here. *Id.*

Plaintiff's attorneys' only explanations for the $200 hourly increase are that they were being nice to Defendant by requesting a rate of $350 per hour and that they no longer think $350 is fair given that the case proceeded to trial, where Plaintiff prevailed. However, these arguments do not explain why a substantially higher hourly rate should now be used to calculate the lodestar for the entire litigation when $350 per hour was appropriate before trial. *See Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S.

5

154, 161–62 (1990) (explaining fee-shifting statutes "favor[] treating a case as an inclusive whole, rather than as atomized line-items"); *Winston v. O'Brien*, No. 10 C 8218, 2015 WL 5897772, at *2 (N.D. Ill. Oct. 7, 2015) (reasoning case law does not "suggest[] that litigation should be parsed into various phases for the purpose of determining reasonable hourly rates based on the type of legal work performed in each" (first citing *Pickett*, 664 F.3d at 640; and then citing *Spegon*, 175 F.3d at 555)).

In the absence of a satisfactory explanation, the court concludes Plaintiff's attorneys' previously requested rate of $350 per hour is the appropriate rate. *Pucci*, 834 F. Supp. 2d at 702 (using hourly rate of $250 for lodestar calculation in part because counsel did not submit "convincing" evidence "justify[ing] the substantial increase" from the rate requested in an earlier motion for sanctions ($250) to the rates requested in the § 1988 fees motion ($350 and $400)).

This conclusion is bolstered by the fact that Plaintiff was apparently billed at a rate of $350 per hour. (*See* Pl.'s Mot. for Att'y Fees at 4 & n.3 (explaining Plaintiff's pretrial statement of fees, which used an hourly rate of $350, sought reimbursement of "fees *actually incurred* by the client" (emphasis added))). The rate a paying client is charged can inform the determination of a reasonable hourly rate. *See, e.g.*, *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-cv-00355, 2019 WL 2635944, at *7 (N.D. Ind. June 27, 2019) (using rate actually charged to client); *Davis v. City of Springfield*, Nos. 04-3168 & 07-3096, 2010 WL 375180, at *3 (C.D. Ill. Jan. 22, 2010) (considering whether plaintiff "agree[d] to pay his counsel any particular hourly rate" before looking at other evidence of reasonable rates); *Moffett v. Am. Coal Co.*, No. 06-cv-

4082, 2007 WL 114011, at *2 (S.D. Ill. Jan. 9, 2007) ("[Attorney] has provided sufficient evidence of her actual billing rate, including the fact that [defendant] has paid the bills she submitted for the work she did."); *Magin v. Monsanto Co.*, No. 03 C 1366, 2005 WL 2171175, at *4 (N.D. Ill. Sept. 1, 2005) ("The fact that a client is willing to pay these rates bolsters the finding that these rates represent the market value."); *Oron 2015, LLC v. City of Southfield*, No. 18-12671, 2020 WL 5542606, at *3 (E.D. Mich. Sept. 16, 2020) ("[W]hen the attorneys represent prevailing parties who have been billed by the hour, courts have looked to the actual hourly rate that they billed . . . ." (citing *People Who Care*, 90 F.3d at 1310–11)). After all, the Seventh Circuit's "preference" in the context of civil rights fee-shifting statutes "is to compensate attorneys for the amount that they would have earned from paying clients, *i.e.*, the standard hourly rate." *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003).

    Accordingly, the court will use $350 per hour as the hourly rate in the lodestar calculation. The second number needed for this calculation—the hours reasonably expended on the litigation—is much more straightforward. Plaintiff reports his attorneys expended a total of 396 hours on this litigation.[2] Defendant does not object.

    Thus, the total lodestar amount ($350 multiplied by 396 hours) is $138,600.

---

[2] Alonso expended 167.3 hours, Little expended 83.6 hours, Wegg expended 77.7 hours, and Canon expended 67.4 hours. (Pl.'s Mot. for Att'y Fees at 3; *see* Filing No. 137-2, Summary of Fees & Expenses).

### 3. *Enhancement or Reduction*

There is a "*strong* presumption" that the lodestar represents a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (emphasis added). That said, in certain "rare," "exceptional," and "extraordinary" circumstances, the court may adjust the lodestar amount, up or down, to reflect certain factors that "the lodestar does not adequately take into account." *Id.* at 554–55. Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3. "Perhaps the most important of these factors is the degree of success on the merits . . . ." *Montanez*, 755 F.3d at 553 (citing *Hensley*, 461 U.S. at 434). The court may "reduce the lodestar figure" if the prevailing party only succeeds on some of his claims. *Id.*

Here, Plaintiff argues a 50% enhancement is appropriate for several reasons, including the exceptional quality of the attorneys' representation of Plaintiff; the significant time spent on this case (billed at a reduced rate) that could have been spent on other cases; the novelty of the issues presented; and the undesirability of representing a plaintiff accused of sexual misconduct.

Generally, the court assumes these factors—particularly the quality of an attorney's performance and the novelty or complexity of a case—are adequately reflected

8

by the lodestar. *Perdue*, 559 U.S. at 553; *see Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986) ("[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee . . . ."). Here, an hourly rate of $350 per hour, as opposed to $550, may not adequately capture the experience and performance of Plaintiff's attorneys or the other factors identified by Plaintiff. (*See* Little Decl.). That said, Plaintiff's success in this case was only partial—a fact that the parties largely ignore. (*See* Pl.'s Mot. for Att'y Fees at 7 (stating "Plaintiff's success was near total")). Although Plaintiff obtained a favorable jury verdict on his Title IX claim, the court granted summary judgment for Defendant on Plaintiff's due process claim. Plaintiff's partial success certainly counsels against an enhancement. *See, e.g.*, *Hatcher v. City of Indianapolis*, 126 F. App'x 325, 327 (7th Cir. 2005) ("If the prevailing party achieves only partial success, a court may lessen the fee award.")

Therefore, the court, in its discretion, concludes that the lodestar represents a reasonable fee in this case. The court will not enhance or reduce the lodestar.

### B. Paralegal Fees

Plaintiff also seeks paralegal fees in the amount of $17,815. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 580 (2008) (noting the term "attorney's fees" in § 1988 "embrace[s] the fees of paralegals as well as attorneys"). This figure represents 101.8 paralegal hours billed at a rate of $175 per hour. Plaintiff does not explain this hourly rate. However, because Defendant poses no objection to the requested paralegal fees, the court accepts $175 per hour as a reasonable rate. Having reviewed Plaintiff's submissions, the court concludes the requested fees of $17,815 are reasonable.

9

### C. Costs

Finally, Plaintiff seeks a total of $6,773.59 in costs. This total includes $4,899.20 in transcript fees, $345 in witness fees, and $894.18 in "other" costs listed on Plaintiff's Bill of Costs, as well as $635.21 "for items such as meals, food, transportation, and other costs that are not listed on Plaintiff's Bill of Costs." (Filing No. 137-1, Bill of Costs; Pl.'s Mot. for Att'y Fees at 1 n.1). Defendant does not object to Plaintiff's requested costs. Accordingly, the court concludes Plaintiff is entitled to costs in the amount of $6,773.59.

### III. Conclusion

For the foregoing reasons, the court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Attorneys' Fees and Costs (Filing No. 137). The court, in its discretion, **AWARDS** Plaintiff $163,188.59 in attorney fees and costs.

**IT IS SO ORDERED** this 2nd day of April 2025.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.